STRANCH, Circuit Judge,
concurring.
The dissent raises thoughtful and persuasive points as to the lasting harm caused by female genital mutilation. I can agree with the Ninth Circuit’s analysis in Mohammed v. Gonzales, 400 F.3d 785, 795 (9th Cir. 2005), that female genital mutilation is a permanent and continuing act of persecution, which would make the presumption of well-founded fear in Sene’s case unrebuttable. But even if we chose to use the reasoning in Mohammed, the un-rebuttable presumption would not apply in Sene’s case because the harm against her occurred in Mauritania but she is being removed to Senegal. Though the record shows, as the dissent aptly points out, that female genital mutilation also occurs in Senegal, it appears that the well-founded fear analysis is country-specific. See, e.g., Berri v. Gonzales, 468 F.3d 390, 396 (6th Cir. 2006) (“As an initial matter, anything that happened in Kuwait is irrelevant to this proceeding because the [petitioners] are to be sent back to Lebanon, not Kuwait.”); 8 C.F.R. § 1208.16(b)(l)(i) (regulation stating that the presumption arises if “the applicant is determined to have suffered past persecution in the proposed country of removal”). Moreover, the Immigration Judge and Board of Immigration Appeals each analyzed the presumption of well-founded fear for Mauritania and Senegal separately. Sene has not shown that she suffered past persecution in Senegal and so has failed to raise the presumption of well-founded fear.
*467 I note that Sene has waived her appeal on a number of issues by failing to address these arguments on appeal. See Cruz-Samayoa v. Holder, 607 F.3d 1145, 1155 (6th Cir. 2010) (stating that “[i]n failing to assert any argument challenging” an agency’s determination, the petitioners had waived the argument); Bi Feng Liu v. Holder, 560 F.3d 485, 489 n.4 (6th Cir. 2009) (“[A]n issue that is not raised in a party’s briefs may generally be deemed waived.”). Importantly, Sene did not raise the denial of her claim for relief from removal based on her fear that her daughter would be subjected to female genital mutilation, I think Sene’s fear that her daughter could be subject to female genital mutilation in Senegal could very well be a viable claim: it is decidedly a claim that generates realistic fear as well as genuine concern that the terrible legacy of female genital mutilation not be borne by another generation of women. Had that issue been before us, we would have examined whether Sene’s petition could be granted based on her fear. See Abay v. Ashcroft, 368 F.3d 634, 642 (6th Cir. 2004) (reversing the BIA’s denial of an asylum petition for a mother who feared her child would be subject to female genital mutilation if removed to Ethiopia, because an “alien need not prove that she would take the child with her as part of her burden to demonstrate eligibility for relief, if she has custody of the child.”) (citing Matter of Dibba, No. A73 541 857 (BIA Nov. 23, 2001)). But because that issue is not before us, I concur with the lead opinion.